DICKINSON, Justice,
dissenting:
¶ 9. In 2006, Greg Pierce notified the Mississippi Bar that he wished to resign. The Bar responded with a document titled “Resignation Confirmation,” informing Pierce that his membership with the Mississippi Bar “has been changed to resigned on the rolls of the Bar.” His name was removed from the Bar roll and he stopped paying Bar dues.
¶ 10. Now, four years later, the Mississippi Bar has filed what the majority refers to as a “belated” petition to disbar Pierce — the same man who, four years ago,' it allowed to resign — and to make him pay for the disbarment proceedings. The Bar now says — upon reflection — that once you become a member of the Mississippi Bar, you cannot resign.
¶ 11. The majority states: “Pierce does not present a defense against disbarment, but instead, asserts that he resigned from the Bar in June 2006.” From where I sit, that sounds like a pretty good defense. The majority’s response to this non-defense reminds me of a judge who — upon learning in the middle of a trial that the defendant had died of a heart attack— nevertheless insisted on proceeding with the death-penalty phase of the trial.[11]
¶ 12. The majority’s concern that “Pierce could resume practicing law by paying past dues and a penalty” is both irrelevant and unfounded. The case cited by the majority[12] clearly recognizes that reinstatement to the Bar requires this *25 Court’s approval. And should Pierce ever seek such approval, the majority would be within the bounds of its discretion to deny the request. So now I find myself in the unfortunate position of disagreeing with the majority — for whom I hold the deepest respect — for two reasons: In addition to finding the majority’s holding illogical (disbarring someone who is not a member of the Bar), I find it decidedly unnecessary.
¶ 13. While I do agree with the majority’s excellent point that “jurisdiction in bar disciplinary matters is given exclusively to the Mississippi Supreme Court,” I simply cannot conclude that this Court’s powers stretch so far as to allow us to disbar someone who has not been a member of the Mississippi Bar for the past four years.
¶ 14. A good friend once told me: ‘You cannot overcome reality.” And the reality here is, Pierce is not a member of the Bar, so we ought not claim we are disbarring him. Accordingly, I respectfully dissent.
CHANDLER, J., JOINS THIS OPINION.

. One wonders if the Mississippi Bar was the inspiration for these words from the Eagles' "Hotel California”: "You can check out any time you like; but you can never leave!”

. In re Petition for Reinstatement of Cosnahan, 890 So.2d 874, 875 (Miss.2004).